## SAFWAY STEEL SCAFFOLDS CO. OF WISCONSIN v. STEEL SCAFFOLD-ING CO., Inc.

### No. 7485.

Circuit Court of Appeals, Seventh Circuit.

June 23, 1941.

Eugene H. Simpson, of West Allis, Wis., for appellant.

Geo. I. Haight and M. K. Hobbs, both of Chicago, Ill., Arthur M. Hood, W. P. Hahn, and Harold B. Hood, all of Indianapolis, Ind., and C. P. Goepel, of New York City, for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Plaintiff-appellant charged defendant-appellee with infringement of United States patent to Uecker, No. 2,043,498, which had been assigned to it. Claims 2, 5, 11, 15 and 17 were relied upon. In Safway Steel Scaffolds Co. v. Patent Scaffolding Co., 110 F.2d 1008, we passed upon the same questions as are here raised, with the exception hereinafter noted. There we held claims 2, 5, 9, 15 and 17 valid and not infringed. Here the identical claims are relied upon, except that claim 11 is substituted for claim 9. The District Court in this case held all the claims relied upon valid but not infringed, on the authority of our decision in the other case. We have reviewed the former case on the petition for rehearing and in the study of this case. We see no reason for changing our former ruling in any respect, and the only question which we deem worthy of consideration here is whether claim 11 is valid and infringed.

Claim 11 merely discloses "a scaffold as defined in claim 9 in which the last-named brace comprises two members pivoted together adjacent the centers thereof." Claim 9 is set forth in 110 F.2d in the margin at 1010. Briefly stated, the only difference between these claims is that claim 11 pivots together the diagonal braces between the end frames, which permits these braces when not in use to be folded scissors fashion for convenience of transportation. The accused structures here are the same as those in the former case, and if it be conceded that they have this pivotal connection of those braces we can not say that such accused structures infringe the patent. In the former case we held those claims valid on the theory that the patentee was very closely limited by the specific disclosures of his claims. All of the elements used were conceded to be quite old in the art, and it was only because of these limitations that we supported the patent examiner in his finding of validity. We think the disclosure of a pivotal connection of these diagonal braces by no means sustains the charge of infringement against the defendant as to the patented structure. One of the main differences in the former case, as here, was the difference in the end frames of the accused structures, and that difference still remains, regardless of whether or not the pivotal connection of the diagonal braces is present. Here, however, plaintiff proceeds on the theory that the end frames under claim 11 are not limited by the specific description in claim 2. We think this position is not tenable, for it is obvious that such construction would be inconsistent with the intention of the patentee, as expressed in the language of

the claim. Claim 11 begins with the expression, "A scaffold of the character described, * * *" and of course a scaffold includes the end frame. We think this language refers to the ends as described in claim 2, and this conclusion is supported by the contents of the file wrapper on this subject.

We approve the ruling of the District Court. Appellee's motion to dismiss this appeal is overruled, and the decree is affirmed.